**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| FARMERS INSURANCE COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-0904-CV-W-SRB |
| ) | |
| JANICE E. STANTON, as trustee of the ) | |
| bankruptcy estate of Gary Adam Winters, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before this Court is Defendant Janice E. Stanton's Motion to Dismiss. (Doc. #3). For reasons discussed below, the motion is granted.

**I.     Background**

Plaintiff Farmers Insurance Company, Inc. issued an automobile insurance policy ("Policy") to Defendant Gary Adam Winters ("Debtor") for the policy period of June 23, 2006, to September 9, 2006. (Doc. #1, ¶ 8). On August 12, 2006, Debtor "negligently drove his vehicle into the pathway of a vehicle" in which nonparty James R. Reppy ("Reppy") was a passenger, injuring Reppy. (Doc. #1, ¶ 9; Doc. #3-1, ¶ 7). On July 16, 2007, Reppy sued Defendant Debtor for damages in the Circuit Court of Clay County, Missouri. (Doc. #1, ¶ 11). On June 21, 2013, after a jury trial, the state court entered judgment against Defendant Debtor, which the Western District of the Missouri Court of Appeals affirmed on October 1, 2014. (Doc. #1, ¶¶ 14–15). On July 17, 2014, Reppy filed an equitable garnishment action against Plaintiff and Defendant Debtor ("Equitable Garnishment"), which was eventually transferred to the Circuit Court of Cass County, Missouri, in which Reppy sought to have the judgment debt owed to him by Defendant Debtor satisfied by reaching the proceeds of the Policy. (Doc. #1, ¶¶ 18–

19). On February 2, 2018, Reppy filed a Chapter 7 involuntary bankruptcy proceeding against Defendant Debtor in the United States Bankruptcy Court for the Western District of Missouri. (Doc. #1, ¶ 22; Doc. #3, p. 2). On April 2, 2018, the bankruptcy court appointed Defendant Janice E. Stanton ("Trustee") as the trustee of Defendant Debtor's bankruptcy estate. (Doc. #1, ¶ 24). On April 3, 2018, in Reppy's state court Equitable Garnishment action, Defendants filed a cross-claim against Plaintiff, seeking "to recover from [Plaintiff] for its alleged bad faith refusal to settle Reppy's claim against [Defendant Debtor] arising out of the Accident, which claims were the subject of the Reppy Injury Lawsuit, within the coverage limit of the Policy." (Doc. #1, ¶¶ 33, 36).

In the course of pursuing this cross-claim in the Equitable Garnishment, Defendant Trustee, through counsel, sent a letter to Plaintiff on April 6, 2018, demanding "'the entire, complete copy of your claims file concerning this claim[("Claim File)],' specifically the claims against [Defendant Debtor] arising out of the Accident." (Doc. #1, ¶ 37). Plaintiff responded via letter on April 16, 2018, stating

> that it was not clear whether [Defendant Trustee's counsel], as special counsel for Trustee but apparently not counsel for [Defendant Debtor], had a right to the claim file ("Claim File") maintained by [Plaintiff] with respect to the Accident and claims against [Defendant Debtor] arising out of the Accident, in that the Claim File is and contains privileged and confidential materials and in that [Plaintiff] could not waive any such privilege or confidentiality.

(Doc. #1, ¶ 39). On April 26, 2018, counsel for Defendant Trustee again sent a letter to Plaintiff requesting the Claim File. (Doc. #1, ¶ 40). After Plaintiff again declined to provide the Claim File, Defendant Trustee served Plaintiff with Janice Stanton's First Requests for Production of Documents to Defendant Farmers Insurance Company. (Doc. #3, p. 5; Doc. #3-2).

2

On November 13, 2018, Plantiff bought an action against Defendants Trustee and Debtor in this Court, seeking only declaratory relief. (Doc. #1). In particular, Plaintiff asks the Court to declare "that [Defendant Trustee] is not entitled to the Claim File" and "that [Defendant Trustee's counsel], as Trustee's attorney, is not entitled to the Claim File." (Doc. #1, p. 9). Plaintiff did not obtain leave from the bankruptcy court to bring the present action in this Court, nor did Plaintiff seek relief from the automatic stay mandated under 11 U.S.C. §362(a) that was triggered when Reppy filed the involuntary Chapter 7 bankruptcy petition against Defendant Debtor. On November 27, 2018, Defendants filed the present motion to dismiss for lack of subject-matter jurisdiction, asserting 1) that Plaintiff's action is barred under the doctrine established in *Barton v. Barbour*, 104 U.S. 126 (1881),[1] and 2) that this Court should abstain from hearing Plaintiff's action due to the Equitable Garnishment and cross-claim proceedings currently pending in the Circuit Court of Cass County, Missouri.

## II.     Legal Standard

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." § 2201(a). The Supreme Court has ruled that this statute is "an enabling Act, which confers a discretion on the courts rather than an

---

[1] The Supreme Court has long held that an equity receiver cannot be sued "without leave of the court that appointed him." *Alexander v. Hedback*, 718 F.3d 762, 767 (8th Cir. 2013) (citing *Barton v. Barbour*, 104 U.S. 126 (1881)). "*Barton* has been applied to bankruptcy trustees and requires that a party obtain leave from the bankruptcy court before bringing an action in another forum against the trustee for acts done in the trustee's capacity." *Alexander*, 718 F.3d at 767 (citing *In re VistaCare Grp.*, 678 F.3d at 224). A statutory exception to the *Barton* doctrine exists at 28 U.S.C. § 959(a), which states that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." Under this exception, "in actions arising out of a trustee's operation of the debtor's business, the trustee may be sued, in an official capacity, in a local forum, without the permission of the bankruptcy court presiding over the case." *In re Markos Gurnee P'ship*, 182 B.R. 211, 221–22 (Bankr. N.D. Ill. 1995), *aff'd sub nom. State of Ill., Dep't of Revenue v. Schechter*, 195 B.R. 380 (N.D. Ill. 1996). Assuming, without deciding, that the *Barton* doctrine does not bar Plaintiff's federal declaratory judgment action, this Court must dismiss the action under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) for reasons discussed below.

3

absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotations omitted) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). As a result, while a federal district court "[g]enerally . . . must exercise its jurisdiction over a claim unless there are 'exceptional circumstances for not doing so,'" *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16–19)), the Declaratory Judgment Act gives federal district courts "discretion in determining whether and when to entertain [declaratory judgment actions], even when the suit otherwise satisfies subject matter jurisdictional prerequisites[,]" if parallel state court litigation is pending. *Wilton*, 515 U.S. at 282, 289 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494–95 (1942)) (concluding that "the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court"). "Suits are parallel" for purposes of a district court's abstaining from hearing a declaratory judgment action due to pending state court litigation "if 'substantially the same parties litigate substantially the same issues in different forums.'" *Scottsdale Ins. Co.*, 426 F.3d at 997 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)).

When deciding whether to abstain under *Wilton-Brillhart*, district courts "must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (citing *Brillhart*, 316 U.S. at 495; *Wilton*, 515 U.S. at 282). If the district court answers this question in the affirmative, then it "must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory

4

judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" (*Haverfield*, 218 F.3d at 874–75) (quoting *Brillhart*, 316 U.S. at 495). "[C]oncerns of 'practicality and wise judicial administration' prevail in determining whether to exercise jurisdiction over a declaratory judgment action when a parallel action is pending in state court." *State Farm Fire & Cas. Co. v. Brown*, No. 10-00520-CV-DGK, 2010 WL 4362858, at *1 (W.D. Mo. Oct. 27, 2010) (quoting *Wilton*, 515 U.S. at 288).

### III.     Discussion

Defendant Trustee argues that this Court should abstain from hearing this case "because the issue in controversy in this action can be better settled by the parallel state court garnishment and cross-claim action pending in the Circuit Court of Cass County, Missouri," which Defendant argues "involves the exact same Winters Missouri Family Farmers auto policy and the same parties." (Doc. #3, pp. 4–5). According to Defendant, "[t]he discovery issue herein is a state civil procedure law issue and not a federal question" and therefore "[t]he state court garnishment/cross-claim action is the most efficient venue for <u>ALL</u> issues to be resolved." (Doc. #3, p. 5) (emphasis in original). Defendant further argues that the state court action "can and will decide whether Janice Stanton, as Trustee, is entitled to the entire claims file or not" and will decide "all other issues in that litigation." (Doc. #3, p. 7). Moreover, Defendant asserts that this Court "has consistently dismissed federal declaratory judgment actions in favor of parallel state court proceedings finding that the coverage issue could be effectively presented and adjudicated in the pending state court proceedings." (Doc. #3, p. 6).

Plaintiff argues that this Court should not abstain from hearing the present case. First, Plaintiff argues that "[t]his case does not present issues of state law." (Doc. #6, p. 5). In Plaintiff's view, "[t]he issue is whether an outsider like Stanton is entitled to step into Winter's

5

privileges as a result of her status of bankruptcy trustee," an issue which, according to Plaintiff, implicates the United States Bankruptcy Code rather than state law. (Doc. #6, p. 5). Second, Plaintiff argues that the issues presented in this case will not be decided in the state court litigation. (Doc. #6, p. 6). Plaintiff points out that it has filed a motion to dismiss the cross-claim action in state court and argues that "[t]he trustee's purported cross-claim will be dismissed because, even though she may hold title to Winter's cause of action for bad faith, [Defendant Trustee] was not a party to the case and could not insert herself to file a cross-claim. (Doc. #6, p. 6). According to Plaintiff, the state court will not decide "[t]he question of whether Stanton as the bankruptcy trustee steps into an insured individual's privileges in an involuntary bankruptcy." (Doc. #6, p. 6). [2]

    Abstention is appropriate in this case. First, Defendant Trustee's cross-claim against Plaintiff in the state court Equitable Garnishment is "parallel" to the present action for purposes of abstention under *Wilton-Brillhart*. The parties to the state court equitable garnishment and cross-claim are the same as the parties to the present action, and both actions involve the same insurance policy. Therefore, both actions involve "substantially the same parties." *Scottsdale Ins. Co.*, 426 F.3d at 997. Moreover, Defendant Trustee's request for production in the state court raises the exact privilege issue raised in this case. At issue in both actions is whether a bankruptcy trustee, through counsel, may waive the insurer-insured privilege on behalf of a debtor whose bankruptcy estate is under the care of that trustee. This is the sole issue raised in

---

[2] The full sentence in Plaintiff's motion states that "[t]he question of whether Stanton as the bankruptcy trustee steps into an insured individual's privileges in an involuntary bankruptcy *is not a question of federal law* and will not be decided by the state court." (Doc. #6, p. 6) (emphasis added). The addition of the word "not" in the above italicized portion of this sentence appears to be a typographical error because it directly contrasts Plaintiff's conclusion that the state court will not decide the issue and Plaintiff's earlier argument that this issue involves the interpretation and effect of the U.S. Bankruptcy Code, which "are matters of federal law." (Doc. #6, p. 5).

the present action. Therefore, the actions are "parallel" for purposes of abstention under *Brillhart*.

Second, the issue in controversy in this action "can be better settled by the state court." *Haverfield*, 218 F.3d at 74 (citing *Brillhart*, 316 U.S. at 495; *Wilton*, 515 U.S. at 282). Here, the issue in controversy—whether Defendant Trustee is entitled to the Claim File under Missouri's insurer/insured privilege—is a question of state law. *See Grewell v. State Farm Mut. Auto. Ins. Co., Inc.*, 102 S.W.3d 33, 36 (Mo. banc 2003) (citing *State ex rel. Cain v. Barker*, 540 S.W.2d 50, 54 (Mo. banc 1976)) (noting that the Missouri Supreme Court has "expressly recognized the insurer/insured relationship and its similarity to the attorney/client relationship"). *See also Blackledge v. Martin K. Eby Const. Co., Inc.*, 542 F.2d 474, 476 n.1 (8th Cir. 1976) (citing Federal Rule of Evidence 501) ("Privileges created by state law are, of course, applicable in a diversity action."). Plaintiff does not point to any provision in the bankruptcy code implicated by this privilege issue. Therefore, the state court is "in the better position to adjudicate the matter." *See Haverfield*, 218 F.3d at 875. The potential for inconsistent state and federal decisions further weighs in favor of abstention. *See Affirmative Ins. Co. v. Jex*, No. 4:15-CV-00186-SRB, 2015 WL 12781251, at *2 (W.D. Mo. June 1, 2015).

Moreover, this Court has consistently abstained from hearing declaratory judgment actions that raise state law questions simultaneously at issue in state court equitable garnishment actions involving the same parties. *See, e.g.*, *Allen v. Atain Specialty Ins. Co.*, No. 4:15-CV-00975-NKL, 2016 WL 1298146, at *4 (W.D. Mo. Apr. 1, 2016); *Safe Auto Ins. Co. v. Escabusa*, No. 2:15-CV-04224-NKL, 2016 WL 1090646, at *6 (W.D. Mo. Mar. 18, 2016); *Sentinel Ins. Co. v. Haines*, No. 08-00961-CV-W-FJG, 2009 WL 702003, at *6 (W.D. Mo. Mar. 13, 2009). The fact that the parallel state law issue is raised in a cross-claim in the state court action does not

change the analysis. *See Brown*, 2010 WL 4362858, at *2 n.1 (finding that all necessary parties were joined in the state court action where insurer filed, among other claims, a cross-claim against insured in that state court action); *State Auto Prop. & Cas. Co. v. Wade Abernathy, Inc.*, No. 6:12-cv-6140, 2013 WL 11821479, at *2 (W.D. Ark. Oct. 25, 2013) (finding that state court suit was sufficiently parallel to federal cross-claim for *Wilton* abstention purposes because party challenging abstention "fail[ed] to identify a present issue in the federal proceeding that differs from the issue in the state court suit"). The Court therefore finds that abstention is proper in this case.

Finally, because the state law privilege issue is the sole issue raised in the present action, the Court sees no reason for the case to return to federal court once the state court decides this issue. *See Haverfield*, 218 F.3d at 875 n.2 (holding that dismissal rather than a stay is appropriate where the court "see[s] no reason for the case to return to federal court"). Therefore, dismissal is proper in this case.

**IV.     Conclusion**

For the foregoing reasons, Defendant Janice E. Stanton's Motion to Dismiss, (Doc. #3), is granted. Accordingly, Plaintiff's declaratory judgment action is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 2, 2019